## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

WILLIE J. SAFFORD,

       Petitioner,

v.                                     Case No. 8:14-cv-1759-T-27MAP

SECRETARY, DEPARTMENT
OF CORRECTIONS,

       Respondent.

_____/

### ORDER

    Willie J. Safford, an inmate in the Florida Department of Corrections proceeding *pro se*, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254.  (Dkt. 1)  He challenges his 2011 Pinellas County conviction for aggravated battery.  Respondent opposes the petition (Dkt. 6), and Petitioner replied.  (Dkt. 9). Upon consideration, the Petition is DENIED.

### PROCEDURAL HISTORY

    Petitioner was convicted after a jury trial of one count of aggravated battery.  (Dkt. 8, Ex. 3) He was sentenced to thirty years. (Dkt. 8, Ex. 4). His conviction and sentence was affirmed, *per curiam*. (Dkt. 8, Ex. 7). The state postconviction court denied two motions for postconviction relief filed under Florida Rule of Criminal Procedure 3.850. (Dkt. 8, Exs. 8, 10, 13, 15, 16).  The appellate court affirmed *per curiam*.  (Dkt. 8, Exs. 11, 18).

### STANDARD OF REVIEW

    Under Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), habeas relief can be granted only if a petitioner is in custody "in violation of the Constitution or laws or treaties

of the United States." 28 U.S.C. § 2254(a).[1]  A petitioner must demonstrate that the state court's adjudication of his federal claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  28 U.S.C. § 2254(d)(1)-(2).

## DISCUSSION

**Ground One**: "The lower tribunal erred in denying the motion for judgement [sic] of acquittal as to aggravated battery."

Petitioner contends that the trial court erred in denying his motion for judgment of acquittal because the evidence was insufficient to prove aggravated battery. Ground One is liberally construed to raise a federal due process question. The Due Process Clause of the Fourteenth Amendment prohibits a criminal conviction "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime." *In re Winship*, 397 U.S. 358, 364 (1970). On direct appeal from his conviction, the state appellate court rejected this claim without discussion.

Petitioner and Rodney Hartmyer lived in a rooming house with several other men. On the day of the offense, while some of the residents were drinking beer in the living room, Petitioner became upset about not having beer or money. Hartmyer told Petitioner to calm down, but when he turned away, Petitioner hit him over the head and back with a wooden barstool, breaking one of its legs. Hartmyer fell on his hands and knees. Petitioner punched him in the nose, causing bleeding. Hartmyer described his injuries as red marks, swelling, and a "knot" on his head and that his nose was broken and swollen. (Dkt. 8, Ex. 2, Vol. II, pp. 214-15, 218). Dr. Girgis, the physician who

---

[1] The AEDPA applies. *Wilcox v. Florida Dep't of Corr.*, 158 F.3d 1209, 1210 (11th Cir. 1998), *cert. denied*, 531 U.S. 840 (2000).

treated Hartmyer the next day, testified that he suffered a contusion to the back of his head. (*Id.*, pp. 262, 263). She testified that he suffered comminuted nasal bone fractures, meaning his nose fractured in pieces, and that soft tissue was swollen. (*Id.*, pp. 258-60, 264).

Petitioner's attorney moved for a judgment of acquittal at the close of the State's case and renewed the motion at the conclusion of trial, both of which were denied. (Dkt. 8, Ex. 2, Vol. IV, pp. 326-29, 372). In Florida, a motion for judgment of acquittal challenges the sufficiency of the State's evidence. If the record contains facts supporting conflicting inferences, the jury is presumed to have resolved those conflicts in favor of the State and against the defendant. *Johnson v. Alabama*, 256 F.3d 1156, 1172 (11th Cir. 2001). Accordingly, in reviewing the sufficiency of the evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979) (emphasis original).

Petitioner does not contest that he committed battery on Hartmyer. He contends that the evidence did not prove that his actions constituted aggravated battery. In Florida, an aggravated battery may be committed in two ways:

(1)(a) A person commits aggravated battery who, in committing battery:

1. Intentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement; or

2. Uses a deadly weapon.

§ 784.045(1)(a), Fla. Stat.[2]

The Information charged Petitioner under both theories, and the State argued at trial that

---

[2] Under Florida law, battery occurs when a person "[a]ctually and intentionally touches or strikes another person against the will of the other" or "[i]ntentionally causes bodily harm to another person." § 784.03(1)(a), Fla. Stat.

Petitioner could be convicted under either theory. Petitioner argues that Hartmyer did not suffer "great bodily harm." "'Great bodily harm defines itself and means great as distinguished from slight, trivial, minor, or moderate harm, and as such does not include mere bruises as are likely to be inflicted in a simple assault and battery.'" *Owens v. State*, 289 So.2d 472, 474 (Fla. 2d DCA 1974) (quoting *Anderson v. State*, 155 Ind. App. 121, 291 N.E.2d 579 (1973)).

Petitioner's contention is without merit. In addition to the contusion, red marks, and swelling on his head, Hartmyer's nose was bloodied and fractured. Petitioner fails to demonstrate that those injuries do not meet the definition of great bodily harm in Florida. Alternatively, the evidence proved that Petitioner used a deadly weapon in battering Hartmyer.

For purposes of Florida's aggravated battery statute, "an object can . . . be found to be a deadly weapon if used or threatened to be used in a way likely to produce death or great bodily harm." *Michaud v. State*, 47 So.3d 374, 376 (Fla. 5th DCA 2010). Petitioner contends that the barstool was not a deadly weapon. However, the evidence demonstrated that he hit Hartmyer on the head and back with the barstool using sufficient force to break it,[3] which caused injury to Hartmyer's head. Petitioner fails to show, under these circumstances, that his use of the bar stool was not likely to produce death or great bodily harm.

Accordingly, Petitioner has not established, taking the evidence in the light most favorable to the State, that no rational trier of fact could have convicted him of aggravated battery on either statutory theory. He fails to establish that the state appellate court's rejection of this claim was contrary to or an unreasonable application of clearly established federal law or was based on an

---

[3] Witnesses testified that the barstool was in good condition prior to this incident. (Dkt. 8, Ex. 2, Vol. II, pp. 212; Vol. III, p. 287; Vol. IV, pp. 304-05.)

unreasonable determination of the facts.  He is therefore not entitled to relief on Ground One.

**Grounds Two Through Four**

**Ground Two**: "The lower tribunal erred in refusing to instruct the jury on the theory of self defense."

**Ground Three**: "The lower tribunal abused its discretion in refusing to instruct the jury that a fist was not a deadly weapon."

**Ground Four**: "The lower tribunal erred in jury selection."

Grounds Two through Four do not raise federal constitutional claims, and are therefore not cognizable in this federal habeas proceeding.  *See Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir.1988) ("It is clear from [28 U.S.C. § 2254(a)] that a habeas petition grounded on issues of state law provides no basis for habeas relief.").

A federal habeas petitioner must exhaust his claims by raising them in state court before presenting them to the federal court in a habeas petition.  28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition.").

While Petitioner did raise the allegations in Grounds Two and Three on direct appeal, he did not raise a federal constitutional claim in those allegations.  (Dkt. 8, Ex. 5, pp. 18-21.)  Presenting his claims entirely under state law was insufficient to satisfy the exhaustion requirement.  *See Preston v. Sec'y, Fla. Dep't of Corr.*, 785 F.3d 449, 457 (11th Cir. 2015) ("The crux of the exhaustion requirement is simply that the petitioner must have put the state court on notice that he intended to raise a federal claim."); *Pearson v. Sec'y, Dep't of Corr.*, 273 F. App'x 847, 849-50 (11th Cir. 2008) ("The exhaustion doctrine requires the petitioner to 'fairly present' his federal claims to the state courts in a manner to alert them that the ruling under review violated a federal

constitutional right."). And Petitioner did not raise the claim in Ground Four in his state court pleadings. (Dkt. 8, Exs. 5, 8, 13, 15). Since he did not present this claim to state court before raising it in his federal habeas petition, it likewise is unexhausted.

State procedural rules do not authorize successive direct appeals. *See* Fla. R. App. P. 9.140. Therefore, the claims raised in Grounds Two, Three, and Four are procedurally defaulted. *See Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001) (the doctrine of procedural default provides that "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is established."). Petitioner has not shown either cause and prejudice or a fundamental miscarriage of justice to overcome the default.[4] Accordingly, Grounds Two, Three, and Four are barred from federal habeas review.

**Additional Allegation**

Although not listed as an enumerated ground for relief, Petitioner mentions in his federal habeas petition that "defense counsel was ineffective for not filing motion to compel or supress [sic]." (Dkt. 1, p. 12). To the extent he attempts to raise an independent ineffective assistance of counsel claim, that claim is likewise unexhausted because he did not present this allegation in his postconviction motions. (Dkt. 8, Exs. 8, 13, 15). Petitioner cannot return to state court to file a successive postconviction motion because any such motion would be untimely. *See* Fla. R. Crim.

---

[4] In addressing the procedural history of Ground Four, Petitioner states that the claim was not exhausted because "defence [sic] counsel didn't object, so the appellant [sic] counsel didn't bring it up." (Dkt. 1, p. 10.) To the extent Petitioner may attempt to allege that his counsels' performance constitutes cause to overcome the procedural default, he fails to make this showing. Before a petitioner can establish cause due to ineffective assistance of counsel, he must first exhaust that same claim of ineffective assistance in state court. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000). But Petitioner did not raise any claim of ineffective assistance of appellate counsel. Nor did he allege that trial counsel was ineffective with respect to jury selection. Petitioner has not established cause and prejudice to overcome the default of Ground Four.

P. 3.850(b), (h). His claim of ineffective assistance of counsel is therefore procedurally defaulted. *See Smith*, 256 F.3d at 1138. Petitioner does not establish the application of any exception to overcome the default. Moreover, his generalized claim includes no supporting facts and no explanation of how he was prejudiced by counsel's alleged deficient performance. Accordingly, even if the claim was not defaulted, Petitioner fails to establish any meritorious ground for relief in this wholly conclusory allegation.

**Petitioner's Reply**

In his reply, Petitioner raises claims of ineffective assistance of counsel that he did not present in his federal habeas petition. But he is not permitted to raise new claims in his reply. *See Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1342 (11th Cir. 2005) ("As we repeatedly have admonished, '[a]rguments raised for the first time in a reply brief are not properly before a reviewing court.'") (citations omitted).

Accordingly,

1. The petition for writ of habeas corpus (Dkt. 1) is **DENIED**. The Clerk is directed to enter judgment against Petitioner and close this case.

2. Petitioner is not entitled to a certificate of appealability ("COA"). He does not have the absolute right to appeal. 28 U.S.C. § 2253(c)(l). A COA must first issue. *Id.* He is entitled to a COA only if he demonstrates that reasonable jurists would find debatable whether the Court's procedural ruling was correct and whether the § 2254 petition stated "a valid claim of the denial of a constitutional right." *Id.*; *Slack* v. *McDaniel,* 529 U.S. 473, 484 (2000). To make a substantial showing of the denial of a constitutional right, he "'must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong,'" *Tennard* v.

*Dretke,* 542 U.S. 274, 282 (2004) (quoting *Slack,* 529 U.S. at 484), or that "the issues presented were

'adequate to deserve encouragement to proceed further.'" *Miller-El* v. *Cockrell,* 537 U.S. 322, 335-

36 (2003) *(quoting Barefoot v. Estelle,* 463 U.S. 880, 893 n.4 (1983)).

Petitioner cannot make the required showing. He cannot demonstrate that reasonable jurists

would debate whether this court's procedural rulings were correct, or whether the petition stated a

valid claim of the denial of a constitutional right. Finally, because he is not entitled to a COA, he

is not entitled to appeal *in forma pauperis.*

**ORDERED** in Tampa, Florida, on *MARCH 23 rd*, 2017.

JAMES D. WHITTEMORE
United States District Judge

*Pro se* Petitioner, Counsel of Record